**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**In re:**

| | |
|---|---|
| **CARMEN V. SEMPRIT SANTANA, a/k/a CARMEN VIDALINA SEMPRIT SANTANA,** | Case No.: 8:25-bk-05520-CPM<br>Chapter 7 |
| Debtor.<br>_____/ | |
| **ANGELA WELCH, as Chapter 7 Trustee of the estate of CARMEN V. SEMPRIT SANTANA, a/k/a CARMEN VIDALINA SEMPRIT SANTANA,** | Adv. No.: _____ |
| Plaintiff, | |
| v. | |
| **GLOBAL HOLDINGS LLC,**<br>an Oklahoma limited liability company, | |
| Defendant.<br>_____/ | |

**COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES**

**COMES NOW** Plaintiff, Angela Welch, the Chapter 7 Trustee of the bankruptcy estate of Carmen V. Semprit Santana, a/k/a Carmen Vidalina Semprit Santana, by and through the undersigned law firm, and sues Defendant, Global Holdings LLC, an Oklahoma limited liability company, and alleges as follows:

**PRELIMINARY STATEMENT**

1. On or about August 6, 2025 (the "Petition Date"), the Debtor, Carmen V. Semprit Santana, a/k/a Carmen Vidalina Semprit Santana, filed a petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), currently pending in this Court.

2. Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

**JURISDICTION AND VENUE**

3. The Court has jurisdiction and it is proper for this Court to hear this proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2)(O), and the standing Order of Reference of the United States District Court entered by Hon. Anne C. Conway on February 22, 2012, 12-MISC-26, Middle District of Florida, referring all Bankruptcy matters to United States Bankruptcy Court, Middle District of Florida.

**PARTIES**

4. Plaintiff, Angela Welch ("Plaintiff" or "Trustee") is the Chapter 7 Trustee of the bankruptcy estate of Carmen V. Semprit Santana, a/k/a Carmen Vidalina Semprit Santana ("Santana" or "Debtor"). Santana is a natural person resident in the City of Poinciana, County of Polk, State of Florida, where the causes of action arose and a "consumer," as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8), and is a "person" under Fla. Stat. § 559.72.

5. Defendant, Global Holdings LLC an Oklahoma limited liability company, together with its collecting agents ("Defendant" or "Global Holdings"), doing business in the State of Florida, and is a "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(7), as well as a person under Fla. Stat. § 559.72.

6. All conduct of Defendant alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or knew in advance that the Defendant was likely to conduct itself and allowed it to so act with conscious

disregard of the rights and safety of others.  The conduct alleged herein was harassing, oppressive, and abusive, and done knowingly with intent, with malice, and without cause.

7. The Defendant's communications set forth below were made only to exhaust the unpaying resisting Debtor's will in an attempt to break the Debtor and have Debtor pay amounts owed long after the Debtor was given all necessary information and persuasion and negotiation failed.

8. The Defendant's communications set forth below are wholly without excuse.

9. At all times mentioned herein, the agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendant.  Each such entity acted as a co-actor in an enterprise to unlawfully attempt to collect debts from Debtor.

## **FACTUAL ALLEGATIONS**

10. Debtor is alleged to owe Defendant debts (the "Alleged Debt"), including without limitation, a debts on Schedule F of the Debtor's bankruptcy schedules with unknown account number in the amount of $700.00.

11. The Section 341 Meeting of the Creditors (the "341 Hearing") for the pending bankruptcy was held on September 2, 2025.

12. Defendant made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from February 1, 2025 through August 5, 2025 (the "Collection Calls") to Debtor attempting to collect the Alleged Debt.

13. It was the substance of the testimony of the Debtor, <u>sworn and under oath</u> at the 341 Hearing, that:

a) Defendant made four Collection Calls to Debtor's cell phone each day, every day of the week.

14. Defendant (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from February 1, 2025 through August 5, 2025 to Debtor attempting to collect the Alleged Debt; and (2) made four Collection Calls to Debtor's cell phone each day, every day of the week.

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692 *et seq*. AS TO DEFENDANT GLOBAL HOLDINGS

15. This is an action against Defendant for violations of 15 U.S.C. § 1692 *et seq*.

16. Plaintiff re-alleges and reincorporates paragraphs 1 through 14, as if fully set forth here-in.

17. Defendant, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Debtor.

18. The principal business of Defendant is the collection of debts and Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due to another.

19. The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. The Collection Calls are a "communication" as defined by 15 U.S.C. § 1692(a)2.

21. Section 15 U.S.C. § 1692c(a)(1) provides, in pertinent part:

A debt collector may not communicate with a consumer in connection with the collection of any debt —

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient

time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

22. Defendant violated 15 U.S.C. § 1692c(a)(1) when Defendant (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from February 1, 2025 through August 5, 2025 to Debtor attempting to collect the Alleged Debt; and (2) made four Collection Calls to Debtor's cell phone each day, every day of the week; all of which is Defendant communicating with Debtor at an unusual time or place or at a time or place known or which should be known to be inconvenient to Debtor.

23. Section 15 U.S.C. § 1692d provides, in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

24. Defendant violated 15 U.S.C. § 1692d when Defendant (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from February 1, 2025 through August 5, 2025 to Debtor attempting to collect the Alleged Debt; and (2) made four Collection Calls to Debtor's cell phone each day, every day of the week; all of which is conduct by Defendant the natural consequence of which is to harass, oppress, or abuse Debtor in connection with the collection of the Alleged Debt.

25. Section 15 U.S.C. § 1692f provides in pertinent part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

26. Defendant violated 15 U.S.C. § 1692f when Defendant (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from February 1, 2025 through August 5, 2025 to Debtor attempting to collect the Alleged Debt; and (2) made four Collection Calls to Debtor's cell phone each day, every day

of the week; all of which is Defendant using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

27. As a result of Defendant's violation of the FDCPA, Debtor has been damaged, including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of the capacity for the enjoyment of life and is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and (3) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3).

28. All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment in Plaintiff's favor finding that Defendant has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT II

**VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT ("FCCPA"), FLA. STAT. § 559.55 *et seq.* AS TO DEFENDANT GLOBAL HOLDINGS**

29. This is an action against Defendant for violation of Fla. Stat. § 559.55 *et seq*.

30. Plaintiff realleges and incorporates paragraphs 1 through 14, as if fully set forth herein.

31. Defendant is engaged in the business of collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq*.

32. The Alleged Debt is a "debt" as defined by Fla. Stat. § 559.55(6).

33. Defendant communicated certain information to Debtor as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

34. Fla. Stat. § 559.72 (7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

35. Defendant violated Fla. Stat. § 559.72(7) when Defendant (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from February 1, 2025 through August 5, 2025 to Debtor attempting to collect the Alleged Debt; and (2) made four Collection Calls to Debtor's cell phone each day, every day of the week; all of which is a willful communication with the Debtor with such frequency that Defendant could reasonably expect such communication to harass Debtor, or which was a willful engagement by Defendant in other conduct, including violation of the FDCPA, which could reasonably be expected to abuse or harass Debtor.

36. Fla. Stat. § 559.72 (9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) … assert the existence of some other legal right when such person knows that the right does not exist.

37. Defendant violated Fla. Stat. § 559.72(9), second half, when Defendant (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from February 1, 2025 through August 5, 2025 to Debtor attempting to collect the Alleged Debt; and (2) made four Collection Calls to Debtor's cell phone each day,

every day of the week; all of which is an assertion of the existence of the legal right to attempt to collect the Alleged Debt, including by violations of the FDCPA and by unfair and deceptive practices, which are rights Defendant knows do not exist, in violation of the FCCPA including Fla. Stat. § 559.72(9), second half.

38. Plaintiff is aware that this Court's interpretation of Fla. Stat. § 559.72(9) differs from its own, but is including this allegation in order to preserve its appellate rights.

39. All conditions precedent to this action have occurred, have been satisfied or have been waived.

40. As a result of the above violations of the FCCPA, Debtor has been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

41. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against the Defendant, finding that the Defendant violated the FCCPA, awarding Plaintiff actual damages,

statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

Dated:  November 7, 2025

          Respectfully Submitted,

          **LASH WILCOX & GRACE PL**
          2202 North West Shore Blvd., Suite 200
          Tampa, FL  33607
          Phone: 813.639.4205
          Facsimile: 813.639.7501

          _/s/ Thomas A. Lash
          **THOMAS A. LASH, ESQ.**
          Florida Bar No. 849944
          e-mail: tlash@lashwilcoxandgrace.com
          Attorney for the Trustee